IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALVIN D. CRAIGHEAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. CIV-11-621-D |
| | ) |
| COMMISSIONER OF INTERNAL REVENUE, | ) |
| | ) |
| Defendant. | ) |

## **O R D E R**

Before the Court is Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction [Doc. No. 19], filed pursuant to Fed. R. Civ. P. 12(b)(1).¹ In the alternative, if the Court determines the issue presented is not jurisdictional, Defendant seeks dismissal for failure to state a claim under Rule 12(b)(6). The time for filing a response has expired.² Thus, the Motion is at issue.

Plaintiff, who appears *pro se*, has filed suit against the United States of America *ex rel*. the Commissioner of Internal Revenue, seeking relief under 26 U.S.C. § 7433 for alleged violations of Internal Revenue Service ("IRS") collection procedures. Specifically, Plaintiff alleges he has been a target of IRS collection activities since 2004 or 2005 that have been mistakenly directed at him but concern inheritance taxes for "a decedent coincidentally named Alvin D. Craighead." *See* Compl. [Doc. No. 1], ¶ 5. Plaintiff alleges that "the IRS levies and ongoing demands for this Alvin D. Craighead to file tax returns" are fraudulent and that the repeated collection attempts "were and

---

¹ Defendant incorrectly cites Rule 12(b)(5), but plainly seeks a dismissal governed by Rule 12(b)(1).

² On November 7, 2011, Plaintiff filed a timely response that improperly included a motion or cross-motion within the same document and, thus, was stricken for noncompliance with LCvR7.1(c). Plaintiff has not sought to correct his filing error.

are outrageous due to the fact that Alvin D. Craighead is not deceased and therefore it is impossible for Alvin D. Craighead to owe a tax on the transfer of property from his estate to his heirs requiring both a tax return and the payment of inheritance taxes." *Id*. ¶¶ 6-7.  Plaintiff expressly states that his Complaint does not challenge the validity of a federal tax or a tax assessment, but "<u>is solely directed at the violations of IRS collections practices guidelines related to harassment and fraud</u>." *Id*. ¶ 4 (emphasis in original).  Plaintiff seeks "maximum damages against the United States of one million dollars or another sum found reasonable and just by the jury." *Id*. ¶ 7.

## Defendant's Motion

Defendant seeks dismissal on the ground that Plaintiff "has not exhausted his administrative remedies, which is a jurisdictional requirement." *See* Def.'s Mot. Dism. [Doc. No. 19].  Invoking its sovereign immunity from suit, Defendant argues that Plaintiff is seeking damages under a statute that authorizes a civil action against the United States only under narrow circumstances. Specifically, liability may arise if an IRS agent violates a federal statute or regulation in the collection of taxes, but a claimant must exhaust administrative remedies before asserting a claim for damages.  *See* 26 U.S.C. § 7433(d)(1).  Defendant contends the administrative process is governed by federal regulations that require a claimant to submit a written claim containing certain information "to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer resides." *See* 26 C.F.R. § 301.7433-1(e).  Defendant notes that Plaintiff alleges in his pleading the filing of an administrative complaint "with the then acting Commissioner of Internal Revenue," rather than the proper recipient. *See* Compl. [Doc. No. 1], ¶ 2.  Also, based on counsel's affidavit and a copy of a document received by the IRS, Defendant argues that Plaintiff's administrative complaint was insufficient to satisfy the regulations or to provide notice of the claim

now asserted. As stated above, Defendant takes the position that the statutory requirements are jurisdictional. *See*, *e.g.*, *Gass v. United States Dep't of Treasury*, No. 99-1179, 2000 WL 743671 (10th Cir. June 9, 2000). Defendant acknowledges, however, that some courts treat exhaustion as a mandatory, but not jurisdictional, prerequisite that may be considered under Rule 12(b)(6). *See*, *e.g.*, *Rae v. United States*, 530 F. Supp. 2d 127, 131 (D.D.C. 2008) (citing cases).

**Standard of Decision**

"Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.'" *City Of Albuquerque v. United States Dep't of Interior*, 379 F. 3d 901, 906 (10th Cir. 2004) (quoting *Ruiz v. McDonnell*, 299 F. 3d 1173, 1180 (10th Cir.2002)). If the motion challenges only the sufficiency of the plaintiff's jurisdictional allegations, a district court must confine itself to the pleadings and accept the allegations as true; additional evidentiary materials may not be considered. *See Holt v. United States*, 46 F. 3d 1000, 1002 (10th Cir. 1995). Where, however, the motion challenges the underlying factual basis for subject matter jurisdiction, the court's decision is not constrained by the pleadings; instead, "the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence." *Paper, Allied-Industrial, Chemical & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F. 3d 1285, 1292-93 (10th Cir. 2005). In the event of a factual challenge, "'a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).'" *Sizova v. National Inst. of Standards & Tech.*, 282 F.3d 1320, (10th Cir. 2002) (quoting *Holt v. United States*, 46 F.3d

1000, 1003 (10th Cir.1995)).[3] Upon consideration, the Court finds that Defendant's Motion presents a factual challenge to Plaintiff's allegation that he exhausted administrative remedies before filing suit and, if this challenge presents a jurisdictional issue, that matters outside the pleadings may be considered without treating the motion as one for summary judgment under Rule 56.

On the other hand, if a Rule 12(b)(6) motion presents matters outside the pleadings, the Court must treat the motion "as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *See* Fed. R. Civ. P. 12(d). In this situation, the Court must provide notice that the motion is being converted to a summary judgment motion and must give the opposing party an opportunity to respond in the manner required by Rule 56. *See Whitesel v. Sengenberger*, 222 F.3d 861, 866 (10th Cir. 2000); *Brown v. Zavaras*, 63 F.3d 967, 969 (10th Cir.1995). Thus, in this case, the nature of the issue presented will determine the procedures to be followed in ruling on Defendant's Motion.

## Discussion

Defendant concedes that administrative exhaustion is viewed as jurisdictional in some contexts and non-jurisdictional in others, and there is no binding Tenth Circuit authority on the issue with regard to 26 U.S.C. § 7433. However, the court of appeals recently observed in a § 7433 case:

---

[3] Generally, "a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion [for summary judgment]." *Holt*, 46 F.3d at 1003. There is an exception to this rule, however, "when resolution of the jurisdictional question is intertwined with the merits of the case." *Id.* (citations omitted); *see Continental Carbon*, 428 F.3d at 1292; *Sizova*, 282 F.3d at 1324; *see also Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003). The focus of the inquiry in determining whether the issues are intertwined "'is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim.'" *Continental Carbon*, 428 F.3d at 1292 (quoting *Pringle v. United States*, 208 F.3d 1220, 1223 (10th Cir. 2000)); *see Davis*, 343 F.3d at 1296; *Sizova*, 282 F.3d at 1324. The court of appeals has determined in the context of other statutes that the issue of administrative exhaustion is not intertwined with the substantive merits of a claim and, therefore, may be decided under Rule 12(b)(1). *See Davis*, 343 F.3d at 1296; *Sizova*, 282 F.3d at 1324-25.

> Most of the courts that have examined the issue in light of the Supreme Court's decision in *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007), have concluded that the exhaustion requirement in § 7433 is non-jurisdictional. *See, e.g.*, *Marsoun v. United States*, 591 F. Supp. 2d 41, 44 (D.D.C. 2008). However, we need not decide the issue because "[t]he characterization is important . . . only when the defendant has waived or forfeited the issue[.]" *McQueen ex rel. McQueen v. Colo. Springs Sch. Dist. No. 11*, 488 F.3d 868, 873 (10th Cir. 2007).

*Carter v. United States*, 389 F. App'x 809, 812 (10th Cir. 2010).[4] Since that observation was made, other federal appellate courts have held that exhaustion is not a jurisdictional prerequisite to suit under § 7433. *See Hoogerheide v. IRS*, 637 F.3d 634, 636 (6th Cir. 2011); *see also Kim v. United States*, 632 F.3d 713, 720 (D.C. Cir. 2011); *Galvez v. IRS*, No. 11-10659, 2011 WL 4348328 (11th Cir. Sept. 19, 2011) (unpublished). The Court is persuaded by the analysis set forth by the Sixth Circuit in *Hoogerheide* that administrative exhaustion is not a jurisdictional requirement. Accordingly, when this procedural prerequisite to a claim for damages under § 7433 is challenged by a Rule 12(b)(6) motion utilizing materials outside the pleadings, the issue must be decided by summary judgment in the manner required by Rule 56. *See Kim*, 632 F.3d at 719-20.

In short, the Court finds that Defendant's Motion to Dismiss raises the non-jurisdictional issue of whether Plaintiff's claim under § 7433 is barred by a lack of administrative exhaustion. Therefore, the Court will treat the Motion as one for dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and because it relies on material outside Plaintiff's pleading, the Motion will be considered as one for summary judgment under Rule 56.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction [Doc. No. 19] is converted to a motion for summary judgment under Fed. R. Civ.

---

[4] Unpublished opinion cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1.

P. 56.  Plaintiff shall respond to Defendant's Motion in the manner required by Rule 56 within 21 days of the date of this Order.

IT IS SO ORDERED this 23rd day of January, 2012.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE