IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALVIN D. CRAIGHEAD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-11-621-D |
| COMMISSIONER OF INTERNAL REVENUE, | ) ) ) ) |
| Defendant. | ) ) |

**O R D E R**

Before the Court is Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction [Doc. No. 19]. By Order of January 23, 2012, the Court ruled that the issue presented – whether Plaintiff's claim under 26 U.S.C. § 7433 is barred by a lack of administrative exhaustion – is not jurisdictional, and the Motion was converted to one for summary judgment under Fed. R. Civ. P. 56. Plaintiff, who appears *pro se*, filed a response within the time period set by the January 23 Order, consisting solely of legal argument and Plaintiff's affidavit regarding the merits of his claim. Plaintiff does not address the issue of administrative exhaustion. Accordingly, because Plaintiff has failed to oppose Defendant's Motion in the manner required by Rule 56, the Court considers all material, properly-supported facts presented by Defendant to be undisputed. *See* Fed. R. Civ. P. 56(e)(2). Further, for the reasons stated herein, the Court finds that Defendant is entitled to summary judgment based on Plaintiff's failure to exhaust administrative remedies.

**Undisputed Facts**

Plaintiff has filed suit against the United States of America *ex rel*. the Commissioner of Internal Revenue, seeking relief under 26 U.S.C. § 7433 for alleged violations of Internal Revenue

Service ("IRS") collection procedures. Specifically, Plaintiff alleges he has been a target of IRS collection activities since 2004 or 2005 that have been mistakenly directed at him but concern inheritance taxes for "a decedent coincidentally named Alvin D. Craighead." *See* Compl. [Doc. No. 1], ¶ 5. Plaintiff alleges that "the IRS levies and ongoing demands for this Alvin D. Craighead to file tax returns" are fraudulent and that the repeated collection attempts "were and are outrageous due to the fact that Alvin D. Craighead is not deceased and therefore it is impossible for Alvin D. Craighead to owe a tax on the transfer of property from his estate to his heirs requiring both a tax return and the payment of inheritance taxes." *Id*. ¶¶ 6-7.

As previously stated, Defendant asserts that Plaintiff cannot bring this action because a claimant under § 7433 must exhaust administrative remedies before asserting a claim for damages. *See* 26 U.S.C. § 7433(d)(1). Defendant contends the administrative process is governed by federal regulations that require a claimant to submit a written claim containing certain information "to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer resides." *See* 26 C.F.R. § 301.7433-1(e). Defendant notes that Plaintiff alleges in his pleading the filing of an administrative complaint "with the then acting Commissioner of Internal Revenue," rather than the proper recipient. *See* Compl. [Doc. No. 1], ¶ 2. Also, Defendant presents a copy of a document received by the IRS. This document is addressed to numerous individuals, including "Christie Jacobs or current Area Director for the Internal Revenue Service for Oklahoma" in Oklahoma City, Oklahoma. *See* Green Decl., Ex. A [Doc. No. 20-2]. It is entitled "Complaint Under Authority of 26 U.S.C. § 7433 and 26 U.S.C. § 7214(A)." *Id*. However, it makes no reference to a mistake of identity or any mistaken efforts to collect inheritance or estate taxes.

**Standard of Decision**

Summary judgment is proper "if the movant shows there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for either party. *Id*. at 255. All facts and reasonable inferences must be viewed in the light most favorable to the nonmoving party. *Id*.

The movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the movant carries this burden, the nonmovant must then go beyond the pleadings and "set forth specific facts" that would be admissible in evidence and that show a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998); *see also* Fed. R. Civ. P. 56(c). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671; *see also* Fed. R. Civ. P. 56(c)(1)(A). The Court's inquiry is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**Discussion**

Regardless whether administrative exhaustion is viewed as jurisdictional, federal appellate courts agree that it is a mandatory prerequisite to the recovery of damages under § 7433. *See Hoogerheide v. IRS*, 637 F.3d 634, 636 (6th Cir. 2011); *see also Kim v. United States*, 632 F.3d 713,

720 (D.C. Cir. 2011); *Carter v. United States*, 389 F. App'x 809, 812 (10th Cir. 2010); *Galvez v. IRS*, No. 11-10659, 2011 WL 4348328 (11th Cir. Sept. 19, 2011) (unpublished).[1] The statute requires the court to determine "that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." *See* 26 U.S.C. § 7433(d)(1). The Tenth Circuit has explained: "In order to exhaust his administrative remedies, [the plaintiff is] required to comply with 26 C.F.R. § 301.7433-1(e)(1)-(2)(i)-(v), which sets forth the manner and form for perfecting an administrative claim." *Carter*, 389 F. App'x at 812 n.2. In addition to sending a written claim to the proper recipient, the claimant must provide certain information. The applicable regulation provides:

> **(2) Form.** The administrative claim shall include:
>
> (i) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;
>
> (ii) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);
>
> (iii) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);
>
> (iv) The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and
>
> (v) The signature of the taxpayer or duly authorized representative. For purposes of this paragraph, a duly authorized representative is any attorney, certified public accountant, enrolled actuary, or any other person permitted to represent the taxpayer before the Internal Revenue Service who is not disbarred or suspended from practice before the Internal Revenue Service and who has a written power of attorney executed by the taxpayer.

---

[1] Unpublished opinions cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1.

26 C.F.R. § 301.7433-1(e)(2). A document submitted in substantial compliance with the regulations might be sufficient if the "defects did not prevent the IRS from considering the merits of [the plaintiff's] claim. *See Carter*, 389 F. App'x at 812 n.2; *but see Hoogerheide*, 637 F.3d at 639 (expressing doubt about the existence of such an exception "in view of the specificity of the Treasury regulations").

In this case, the record fails to show that Plaintiff sent a written claim to the proper recipient or that he submitted it in a form that would satisfy the regulations. More importantly, if the document that Plaintiff sent might be considered an administrative complaint, the document is silent concerning the grounds for relief now asserted in Plaintiff's judicial complaint. It says nothing about mistaken attempts to collect inheritance taxes from the wrong person due to a similarity of names. Accordingly, the Court finds that Plaintiff has failed to establish the exhaustion of administrative remedies for his claim. Therefore, Plaintiff's claim for damages under § 7433 is procedurally barred, and Defendant is entitled to summary judgment on this ground.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction [Doc. No. 19], which was converted to a motion for summary judgment under Fed. R. Civ. P. 56, is GRANTED. Judgment shall be entered accordingly.

IT IS SO ORDERED this 2nd day of April, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE